**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 05-4133**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HARRY A. SPAIN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, Chief District Judge.  (CR-03-10025)

———————————

Submitted:  May 19, 2006                Decided:  June 7, 2006

———————————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Marc Seguinot, THE HELEIN LAW GROUP, P.C., McLean, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Harry A. Spain appeals his conviction of three counts of possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(b) (2000), and the resulting sixty-month sentence on each count, to run concurrent with each other and consecutive to any previous sentence. Spain's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but raising two claims: (1) the district court erred at sentencing in considering several prior arrests that did not result in convictions; and (2) defense counsel rendered ineffective assistance at trial. Spain, informed of his right to file a pro se supplemental brief, has not done so. We affirm.

After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and impose a sentence. The sentence must be "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (citations omitted). If the district court concludes that a sentence within the sentencing range does not adequately reflect the § 3553(a) factors, it may impose a sentence outside the sentencing range, upon explaining why a sentence outside the range better serves statutory goals. United States v. Eura, 440 F.3d

625, 632 (4th Cir. 2006). "[I]n reviewing a variance sentence, this court must consider--in light of the factors enumerated in § 3553(a) and any relevant guideline provisions--whether the district court acted reasonably with respect to (1) the imposition of a variance sentence, and (2) the extent of the variance." United States v. Moreland, 437 F.3d 424, 433-34 (4th Cir.), cert. denied, __ U.S.L.W. __, 2006 WL 1022030 (U.S. May 15, 2006) (No. 05-10393). "Generally, if the reasons justifying [a] variance are tied to § 3553(a) and are plausible, the sentence will be deemed reasonable." Id. at 434.

Here, the district court properly calculated the guideline range. The court then concluded that a sentence within that range would not sufficiently reflect the § 3553(a) factors. In imposing the variance, the court reviewed "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1). The court also observed that the variance was intended to "reflect the seriousness of the offense" and "promote respect for the law," § 3553(a)(2)(A), to deter other inmates from similar behavior, § 3553(a)(2)(B), and to protect staff and inmates from illegal weapons within the prison, § 3553(a)(2)(C). We conclude that the district court acted reasonably in imposing this variance sentence.

As to the specific issues raised by Spain, first, there is no suggestion in the record that the district court relied on the charges, noted in the presentence report, that did not result

- 3 -

in convictions. Therefore, we conclude that this claim lacks merit. Spain also alleges that trial counsel rendered constitutionally ineffective assistance. "Ineffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C. § 2255 (2000). United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Because the record does not conclusively show that counsel was ineffective, we will not review this claim.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -